UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
SALOME FELLS-JAPPA,

                Plaintiff,

                              Case No. 14-cv-4558 (KBF)

v.

**ANSWER OF DEFENDANTS**
WOMEN IN NEED, INC., REGINA           **WOMEN IN NEED, INC. AND**
WADKINS, *Individually*, and ANTHONY    **REGINA WADKINS**
SANCHEZ, *Individually*,

                Defendants.

-------------------------------------------------------------X

        Defendants Women in Need, Inc. ("WIN") and Regina Wadkins (collectively with WIN, the "WIN Defendants") by and through its undersigned counsel, Willkie Farr & Gallagher LLP, hereby answers Plaintiff's Complaint (the "Complaint") as follows:

### AS TO "NATURE OF THE CASE"

        1.     The WIN Defendants admit that Plaintiff purports to bring claims pursuant to the statutes identified in paragraph 1 of the Complaint, but deny that Plaintiff is entitled to any relief under any such statute. The WIN Defendants admit that Plaintiff seeks damages, but deny that Plaintiff is entitled to any such relief. The WIN Defendants deny all other allegations of paragraph 1 of the Complaint.

### AS TO "JURISDICTION AND VENUE"

        2.     Paragraph 2 of the Complaint states a legal conclusion to which no response is necessary. Notwithstanding that, the WIN Defendants state that the statutes cited in Paragraph 2 confer jurisdiction on this Court over this action.

3. Paragraph 3 of the Complaint states a legal conclusion to which no response is necessary. Notwithstanding that, the WIN Defendants state that this District is the proper venue for this action.

## AS TO "PROCEDURAL PREREQUISITES"

4. The WIN Defendants admit the allegations of paragraph 4 of the Complaint.

5. The WIN Defendants deny the allegations of paragraph 5 of the Complaint, except admit that Plaintiff received a Notice of Right to Sue letter from the EEOC, a copy of which was not annexed to the Complaint as alleged in paragraph 5 of the Complaint.

6. The WIN Defendants admit the allegations of paragraph 6 of the Complaint.

## AS TO "PARTIES"

7. The WIN Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7.

8. The WIN Defendants admit the allegations of paragraph 8 of the Complaint.

9. The WIN Defendants admit the allegations of paragraph 9 of the Complaint.

10. The WIN Defendants admit that Plaintiff was an employee of WIN from August 5, 2013 until October 10, 2013. The WIN Defendants deny the remainder of the allegations of paragraph 10 of the Complaint.

11. The WIN Defendants deny the allegations of paragraph 11 of the Complaint, and state that Ms. Wadkins was a resident of New Jersey at the time of the allegations in the Complaint and is currently a resident of New Jersey.

12. The WIN Defendants admit the allegations of paragraph 12 of the Complaint, and state that Ms. Wadkins' position is Senior Director, Workforce Planning and Development ("WPD").

13. The WIN Defendants deny the allegations of paragraph 13 of the Complaint, except admit that Ms. Wadkins held a position superior to that of Plaintiff during the time Plaintiff was employed by WIN.

14. The WIN Defendants deny the allegations of paragraph 14 of the Complaint, except admit that Ms. Wadkins was a member of WIN's WPD department.

15. The WIN Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 of the Complaint, and state that Mr. Sanchez was a resident of New Jersey at the time of his employment with WIN.

16. The WIN Defendants deny the allegations of paragraph 16 of the Complaint, except admit that Mr. Sanchez was employed by WIN from December 10, 2012 through April 1, 2014 and held the position of Security Shift Supervisor.

17. The WIN Defendants deny the allegations of paragraph 17 of the Complaint, except admit that Mr. Sanchez held a position superior to that of Plaintiff during the time Plaintiff was employed by WIN.

18. The WIN Defendants deny the allegations of paragraph 18 of the Complaint.

19. No response is required. To the extent a response is required, the WIN Defendants deny the allegations as stated in Paragraph 19 of the Complaint.

## AS TO "MATERIAL FACTS"

20. The WIN Defendants deny the allegations of paragraph 20 of the Complaint, except admit that Plaintiff began working for WIN as a Residential Aide on August 5, 2013 and she earned approximately $12.96 per hour with an overtime rate of $19.44.

21. The WIN Defendants deny the allegations of paragraph 21 of the Complaint.

22. The WIN Defendants deny the allegations of paragraph 22 of the Complaint.

23. The WIN Defendants deny the allegations of paragraph 23 of the Complaint.

24. The WIN Defendants deny the allegations of paragraph 24 of the Complaint.

25. The WIN Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 of the Complaint, and therefore deny the allegations.

26. The WIN Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 of the Complaint, and therefore deny the allegations.

27. The WIN Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 of the Complaint, and therefore deny the allegations.

28. The WIN Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 of the Complaint, and therefore deny the allegations.

29. The WIN Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 of the Complaint, and therefore deny the allegations.

30. The WIN Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 of the Complaint, and therefore deny the allegations. The WIN Defendants further deny that WIN would retaliate against Plaintiff by terminating her employment if Plaintiff complained about Mr. Sanchez's alleged behavior.

31. The WIN Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 of the Complaint, and therefore deny the allegations.

32. The WIN Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32 of the Complaint, and therefore deny the allegations.

33. The WIN Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 of the Complaint, and therefore deny the allegations.

34. The WIN Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34 of the Complaint, and therefore deny the allegations.

35. The WIN Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35 of the Complaint, and therefore deny the allegations.

36. The WIN Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36 of the Complaint, and therefore deny the allegations. The WIN Defendants further deny that WIN would retaliate against any employee by terminating his or her employment if they complained about Mr. Sanchez's alleged behavior.

37. The WIN Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 of the Complaint, and therefore deny the allegations.

38. The WIN Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38 of the Complaint, and therefore deny the allegations.

39. The WIN Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39 of the Complaint, and therefore deny the allegations.

40. The WIN Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40 of the Complaint, and therefore deny the allegations.

41. The WIN Defendants deny the first statement in the first sentence of paragraph 41 of the Complaint. The WIN Defendants state that they lack knowledge or

information sufficient to form a belief as to the truth of the allegations of the remainder of paragraph 41 of the Complaint, and therefore deny the allegations.

42. The WIN Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42 of the Complaint, and therefore deny the allegations. The WIN Defendants further deny that Plaintiff would lose her job if she complained about Mr. Sanchez's alleged behavior.

43. The WIN Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43 of the Complaint, and therefore deny the allegations.

44. The WIN Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44 of the Complaint, and therefore deny the allegations.

45. The WIN Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45 of the Complaint, and therefore deny the allegations.

46. The WIN Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46 of the Complaint, and therefore deny the allegations.

47. The WIN Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 47 of the Complaint, and therefore deny the allegations.

48.     The WIN Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 48 of the Complaint, and therefore deny the allegations.

49.     The WIN Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 49 of the Complaint, and therefore deny the allegations.

50.     The WIN Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 50 of the Complaint, and therefore deny the allegations.

51.     The WIN Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 51 of the Complaint, and therefore deny the allegations.

52.     The WIN Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 52 of the Complaint, and therefore deny the allegations.

53.     The WIN Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 53 of the Complaint, and therefore deny the allegations, except admit that Ms. Dora Mendez contacted Plaintiff and requested that she meet with WIN's WPD on or around September 19, 2013.

54.     The WIN Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 54 of the Complaint, and therefore deny the allegations, except admit that Plaintiff met with members of WIN's WPD on or around September 19, 2013.

55. The WIN Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 55 of the Complaint, and therefore deny the allegations.

56. The WIN Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 56 of the Complaint, and therefore deny the allegations.

57. The WIN Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 57 of the Complaint, and therefore deny the allegations.

58. The WIN Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 58 of the Complaint, and therefore deny the allegations.

59. The WIN Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 59 of the Complaint, and therefore deny the allegations.

60. The WIN Defendants deny the allegations of paragraph 60 of the Complaint, except admit that on or around September 19, 2013, Ms. Wadkins and Ms. Mendez met with Plaintiff.

61. The WIN Defendants deny the allegations of paragraph 61 of the Complaint.

62. The WIN Defendants deny the allegations of paragraph 62 of the Complaint.

63. The WIN Defendants admit the allegations of paragraph 63 of the Complaint.

64. The WIN Defendants deny the allegations of paragraph 64 of the Complaint, except admit that Plaintiff told Ms. Wadkins that she did not tell anyone about Mr. Sanchez's alleged behavior.

65. The WIN Defendants deny the allegations of paragraph 65 of the Complaint, except admit that Plaintiff told Ms. Wadkins she wrote a letter describing Mr. Sanchez's alleged behavior.

66. The WIN Defendants deny the allegations of paragraph 66 of the Complaint.

67. The WIN Defendants deny the allegations of paragraph 67 of the Complaint.

68. The WIN Defendants deny the allegations of paragraph 68 of the Complaint, except admit that following the meeting between WIN's WPD and Plaintiff on or around September 19, 2013, WIN commenced an investigation into Plaintiff's allegations of sexual harassment against Mr. Sanchez and that, at WIN's request, in a letter dated September 21, 2013, Plaintiff provided details of Mr. Sanchez's alleged behavior. The WIN Defendants further state that it would be proper to report Mr. Sanchez's alleged behavior under WIN's policies.

69. The WIN Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 69 of the Complaint, and therefore deny the allegations.

70. The WIN Defendants deny the allegations of paragraph 70 of the Complaint, except admit that on or around September 25, 2013, at WIN's request, Plaintiff gave WIN's WPD a letter dated September 21, 2013, in which Plaintiff provided details of Mr. Sanchez's alleged behavior.

71. The WIN Defendants deny the allegations of paragraph 71 of the Complaint.

72. The WIN Defendants deny the allegations of paragraph 72 of the Complaint, except admit that Ms. Wadkins and Mr. Roudy Vincent, Corporate Director of Security, met with Plaintiff on October 10, 2013.

73. The WIN Defendants deny the allegations of paragraph 73 of the Complaint, except admit that on October 10, 2013, WIN terminated Plaintiff's employment.

74. The WIN Defendants admit the allegations of paragraph 74 of the Complaint.

75. The WIN Defendants deny the allegations of paragraph 75 of the Complaint, except admit that WIN terminated Plaintiff's employment at-will.

76. The WIN Defendants deny the allegations of paragraph 76 of the Complaint.

77. The WIN Defendants deny the allegations of paragraph 77 of the Complaint.

78. The WIN Defendants deny the allegations of paragraph 78 of the Complaint.

79. The WIN Defendants deny the allegations of paragraph 79 of the Complaint.

80. The WIN Defendants deny the allegations of paragraph 80 of the Complaint.

81. The WIN Defendants deny the allegations of paragraph 81 of the Complaint.

82. The WIN Defendants deny the allegations of paragraph 82 of the Complaint.

83. The WIN Defendants deny the allegations of paragraph 83 of the Complaint.

84. The WIN Defendants deny the allegations of paragraph 84 of the Complaint.

85. The WIN Defendants deny the allegations of paragraph 85 of the Complaint.

86. The WIN Defendants deny the allegations of paragraph 86 of the Complaint.

87. The WIN Defendants deny the allegations of paragraph 87 of the Complaint.

88. The WIN Defendants deny the allegations of paragraph 88 of the Complaint, except admits that Plaintiff seeks punitive damages against the WIN Defendants in this action, but deny that Plaintiff is entitled to any such relief.

## AS TO "AS A FIRST CAUSE OF ACTION"

89. The WIN Defendants repeat and make a part hereof, as if set forth fully at length, their answers to paragraphs 1 to 88, inclusive, of the Complaint.

90. The WIN Defendants admit that Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e) *et seq.*, prohibits discrimination in employment based upon an employee's gender, but deny that WIN or any of its employees violated any provisions of those laws with respect to Plaintiff.

91. The WIN Defendants deny the allegations of paragraph 91 of the Complaint.

## AS TO "AS A SECOND CAUSE OF ACTION"

92. The WIN Defendants repeat and make a part hereof, as if set forth fully at length, its answers to paragraphs 1 to 91, inclusive, of the Complaint.

93. The WIN Defendants submit that Paragraph 93 of the Complaint states a legal conclusion to which no response is necessary.

94. The WIN Defendants deny the allegations of paragraph 94 of the Complaint.

## AS TO "AS A THIRD CAUSE OF ACTION"

95. The WIN Defendants repeat and make a part hereof, as if set forth fully at length, its answers to paragraphs 1 to 94, inclusive, of the Complaint.

96. The WIN Defendants submit that Paragraph 96 of the Complaint states a legal conclusion to which no response is necessary.

97. The WIN Defendants deny the allegations of paragraph 97 of the Complaint.

## AS TO "AS A FOURTH CAUSE OF ACTION"

98. The WIN Defendants repeat and make a part hereof, as if set forth fully at length, its answers to paragraphs 1 to 97, inclusive, of the Complaint.

99. The WIN Defendants repeat and make a part hereof, as if set forth fully at length, its answers to paragraphs 1 to 98, inclusive, of the Complaint.

100. The WIN Defendants submit that Paragraph 100 of the Complaint states a legal conclusion to which no response is necessary.

101. The WIN Defendants deny the allegations of paragraph 101 of the Complaint.

### AS TO "AS A FIFTH CAUSE OF ACTION"

102. The WIN Defendants repeat and make a part hereof, as if set forth fully at length, its answers to paragraphs 1 to 101, inclusive, of the Complaint.

103. The WIN Defendants submit that Paragraph 103 of the Complaint states a legal conclusion to which no response is necessary.

104. The WIN Defendants deny the allegations of paragraph 104 of the Complaint.

### AS TO "INJURY AND DAMAGES"

105. The WIN Defendants deny the allegations of paragraph 105 of the Complaint.

### AS TO "JURY DEMAND"

The unnumbered paragraph under the title "Jury Demand" purports to request a jury trial in accord with Fed. R. Civ. P. 38(b) and as such does not require a response.

### AFFIRMATIVE DEFENSES

As further, separate, and Affirmative Defenses, without assuming the burden of proof for these defenses that would otherwise rest with Plaintiff, the WIN Defendants state as follows:

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which an award of punitive damages or costs and attorney's fees can be granted

## THIRD AFFIRMATIVE DEFENSE

The WIN Defendants' decisions concerning Plaintiff's employment were not motivated in whole or in part by Plaintiff's status as a member of a protected class.

## FOURTH AFFIRMATIVE DEFENSE

WIN has established policies, programs, and procedures for the prevention and detection of unlawful discriminatory practices by employees and it has complied with those policies, programs, and procedures, and Plaintiff failed to avail herself of these procedures.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff was not subject to a hostile work environment.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff has not sustained any injury or damage by reason of any act or omission of the WIN Defendants.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is barred, in whole or in part, from maintaining her Complaint or any cause of action therein against the WIN Defendants because of her own misconduct constituting unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate damages, if any.

## ADDITIONAL AFFIRMATIVE DEFENSES

The WIN Defendants hereby give notice that they intend to rely on such other and further defenses as may become available or apparent during pre-trial or trial proceedings in this action and hereby reserve their rights to amend this Answer and assert all such defenses. The WIN Defendants also reserve the right to rely on and/or assert any affirmative defenses asserted by any other party to this action.

## PRAYER FOR RELIEF

WHEREFORE, the WIN Defendants respectfully request that the Court deny the relief requested by Plaintiff in her Complaint and enter judgment dismissing the Complaint with prejudice, and awarding the WIN Defendants such other and further relief as this Court shall deem just and proper.

Dated: August 8, 2014

WILLKIE FARR & GALLAGHER LLP

By: /s/ Martin B. Klotz
Martin B. Klotz
mklotz@willkie.com
787 Seventh Avenue
New York, New York 10019-6009
(212) 728-8000

*Attorneys for Defendants Women In Need, Inc. and Regina Wadkins*

TO: Marjorie Mesidor, Esq.
45 Broadway, Suite 620
New York, NY 10006
(212) 248-7431
MSharpe@tpglaws.com